IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA JANICKI,

    **Plaintiff,**

vs.

DARDEN RESTAURANTS, INC.
d/b/a OLIVE GARDEN,

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JOSHUA JANICKI, (hereinafter referred to as "PLAINTIFF") by and through his undersigned counsel, and pursuant to the Uniformed Services Employment and Re-employment Act, 38 U.S.C. § 4301, *et seq.*, ("USERRA") and sues the Defendant, DARDEN RESTAURANTS, INC. d/b/a OLIVE GARDEN, (hereinafter referred to as "DEFENDANT") and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1343 (4).

2. Venue lies within the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in this Judicial District.

## PARTIES

3. Defendant was and is a corporation duly licensed to do business within the State of Florida. At all times material to this action, Defendant was an employer as defined by the Act.

## FACTUAL ALLEGATIONS

4. Plaintiff is a member of the Army National Guard.

5. Plaintiff was hired by Defendant on or around January 2021 as a Line Cook at its Uniontown Pennsylvania Olive Garden establishment.

6. When hired, Plaintiff informed his manager that he would have conflicts due to his service obligations.

7. On or about February 20, 2021, Plaintiff received a telephone call from his manager, while on drill duty with the Guard, informing Plaintiff that he was on the schedule to work and asked Plaintiff if he was coming in.

8. Plaintiff reminded his manager that he was currently on duty with the Army National Guard and was unable to come in.

9. Plaintiff's manager again asked Plaintiff if he was coming in.

10. Plaintiff again stated to his manager that he was not able to come in at which time Plaintiff was terminated.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE
## UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT ACT

11. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through ten (10).

12. At all times material hereto, Defendant failed to comply with 38 U.S.C. § 4301. Specifically, the above-described act constitutes intentional discrimination pursuant to USERRA.

13. USERRA prohibits discrimination against persons who serve in the uniformed services. Specifically, "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a).

14. Defendant violated the express mandate and purpose of said USERRA with regard to Plaintiff.

15. Defendant's violations of 38 U.S.C. § 4311 was willful within the meaning of 38 U.S.C. § 4323(d)(1)(C).

WHEREFORE, Plaintiff prays for the following damages against

Defendant:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Attorneys' fees and costs; and

    f.    Injunctive and declaratory relief;

    f.    For any other relief this Court deems just and equitable.

Dated this 13th day of May 2021.

    FLORIN GRAY BOUZAS OWENS, LLC

    /s/Wolfgang M. Florin
    Wolfgang M. Florin
    Florida Bar No. 907804
    wolfgang@fgbolaw.com
    Christopher D. Gray
    Florida Bar No.: 0902004
    chris@fgbolaw.com
    16524 Pointe Village Drive, Suite 100
    Lutz, FL 33558
    Telephone (727) 254-5255
    Facsimile (727) 483-7942
    Attorneys for Plaintiff